**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WILLIAM J. SILER,**

    **Petitioner,**

 v.                   **Case No. 09-C-271**

**LARRY JENKINS,**
**Warden of Redgranite**
**Correctional Institution,**

    **Respondent.**

---

## DECISION AND ORDER

---

    On March 6, 2009, the Petitioner, William J. Siler ("Siler"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person in custody against Respondent Larry Jenkins ("Jenkins"), Warden of the Redgranite Correctional Institution, in Redgranite, Wisconsin. Siler seeks his immediate release asserting that his sentence is over. On March 19, 2009, Siler paid the $5.00 fee for filing his petition.

    Section 2241 of Title 28 of the United States Code is the general statute empowering federal courts, justices, and judges to grant writs of habeas corpus. The following facts relating to the January 26, 1998, state court conviction for which Siler is currently in custody are disclosed by the petition and state court documents filed by Siler when he remitted the filing fee on March 19, 2009. A judge of the Circuit Court for Winnebago County, Wisconsin, convicted Siler of disorderly conduct as a repeater charged in Count 1; resisting
Case 2:09-cv-00271-RTR  Filed 04/08/09  Page 1 of 4  Document 4

and obstructing as a repeater charged in Count 2; and, battery to a police officer as charged the criminal complaint, in *State of Wisconsin v. Siler*, Case Number 97CF156.

On March 9, 1998, the state circuit court judge placed Siler on probation for 13 years for each of the three counts. The probation on Count 1 was consecutive to any previous sentence, and the probation on Counts 2 and 3 was to run concurrent the probation on Count 1.

According to a revocation order and warrant Siler filed on March 19, 2009, he was granted probation in Case Number 97CF156 on March 31, 2000, but he violated the conditions of his probation on September 6, 2007. By order of June 3, 2008, Siler's probation was revoked and he was returned to a correctional institution.

Siler alleges that he is being detained beyond his judgment of conviction. He states that he was placed on probation for 13 years on each count. However, he states that the charges were two misdemeanors which "carry a maximum of [three] years a piece and one felony that can carry seven years of probation." (Pet. 9.) Thus, Siler asserts that he was "basically put on probation" for seven years which started on March 31, 2000, and should have ended on March 31, 2007, and he should not be in prison now. (*Id*.) Siler states that he did not file a direct appeal from his conviction or any other application for state post-conviction relief.

He also states that he has not filed any prior federal petition regarding his state conviction. The latter statement is true as of the date Siler signed his petition. He did, however, file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on March 6, 2009. That action was designated Case No. 09-C-260. The Court entered an order dismissing

that action without prejudice on March 18, 2009, because Siler failed to exhaust his state remedies prior to filing his § 2254 petition.

As the Court stated in its Decision and Order in 09-C-260, because Siler is in custody pursuant to a state judgment, his request for relief is governed by § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Section 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. *Id*. "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.*

However, before this Court may recharacterize the § 2241 petition as a § 2254 petition, it must notify Siler that such a recharacterization may bar a later habeas challenge because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. *See Castro v. United States*, 540 U.S. 375, 385 (2003). The Court will afford Siler an opportunity to withdraw his petition or amend it to contain all § 2254 claims he wants to assert, in order to avoid a bar on any additional claims as "second or successive."

No later than May 11, 2009, Siler must file a statement informing the Court whether he is withdrawing his § 2241 petition or consenting to the recharacterization of his § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case. If Siler does not file a response to this Decision and Order by May 11, 2009, he will be deemed to have withdrawn his petition and the Court will dismiss this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**No later than May 11, 2009,** Siler must file a statement notifying the Court whether he is withdrawing his § 2241 petition or consenting to recharacterization of the § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case.

If Siler does not file a response to this Decision and Order by May 11, 2009, he will be deemed to have withdrawn his petition and this action will be dismissed.

Dated at Milwaukee, Wisconsin this 8th day of April, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**